IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARRY BOSWELL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:11-cv-821-MEF |
| ) | |
| BAYROCK MORTGAGE CORP., et al., ) | (WO- Do Not Publish) |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On August 23, 2011, Barry and Carrie Boswell filed this lawsuit in the Circuit Court for Montgomery County. In a submission attached to their Complaint, they asked for a Temporary Restraining Order (Doc. # 1-13). On September 29, 2011, Defendants removed the case to this Court, invoking its jurisdiction over the subject matter of the action under 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, and 1653. Plaintiffs seek a temporary restraining order requiring the defendants to cease any foreclosure actions or the taking of equity in a specific piece of real property in Montgomery, Alabama. This Court now addresses only the Boswells' request for a temporary restraining order.

Rule 65 of the *Federal Rules of Civil Procedure* lays out both substantive and procedural restrictions on this Court's ability to grant a temporary restraining order. On the substantive front, for a plaintiff to succeed on a Rule 65(b) motion, it must clearly appear from "specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant." Fed. R. Civ. P. 65(b). And the Eleventh Circuit has held that this requires the plaintiff to show: (1) a substantial

likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the moving party outweighs whatever damages the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). A temporary restraining order is "an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion" as to each of these four elements. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotation marks omitted).

As for procedure, the plaintiff who applies for a temporary restraining order must certify to the court, in writing, the efforts that he or she took, if any, to give notice to the opposing party, or the reasons why the court should not require notice. Fed. R. Civ. P. 65(b)(2).

Here, the Boswells have failed to bear their burden. They have not established that irreparable injury, loss, or damage will result if they do not obtain a temporary restraining order. Although they claim the denial of a TRO will deprive them of "legally protected property and all the trauma that goes with it," they do not provide enough proof to persuade this Court. Their Affidavit of Truth (Doc. #1-4) lacks specificity in that it does not allege the defendants have put the property up for sale. Nor do the Boswells support their claim that one of the defendants (it does not specify which), "intends to sell the property at a public auction on or to be announced," by furnishing this Court with specific proof, like a sale listing or a public notice giving the date and time of the sale. Indeed, seven and one half months have passed since the last time the plaintiffs sought a temporary restraining order barring the sale

of the same piece of property, *see Boswell v. 1st Continental Mortg.*, 2:11-cv-205 (M.D. Ala. 2011), which, combined with the lack of evidence showing a scheduled sale, suggests their claim lacks the imminence necessary for a temporary restraining order to issue. Besides, their submission does not address the cost-benefit or public interest prongs of the four-part test they must satisfy, *see Palmer*, 287 F.3d at 1329, before they can obtain a temporary restraining order.

The Boswells' application also fails to satisfy Rule 65's procedural requirements. Their submissions to this Court do not certify in writing what efforts, if any, they have taken to give written or oral notice of their application for a temporary restraining order to the defendants and their attorneys. The Boswells, moreover, do not claim that this Court should dispense with the notice requirement or give reasons why the court should not require notice.

Accordingly, the Plaintiffs' request for a temporary restraining order in their Complaint (Doc. # 1-13) is due to be and hereby is DENIED. And because the Boswells have elected to proceed on their on behalf, it is further ORDERED that this case is REFERRED to the assigned Magistrate Judge for action or recommendation on all pretrial matters, including the determination of whether the Boswells seek a preliminary injunction.

DONE this the 30th day of September, 2011.

      /s/ Mark E. Fuller  
UNITED STATES DISTRICT JUDGE