IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BARRY BOSWELL and            )
CARRIE BOSWELL,              )
                             )
        Plaintiffs,          )
                             )
v.                           )        CIVIL ACT. NO.  2:11CV821-MEF
                             )                  (WO)
BAYROCK MORTGAGE             )
CORPORATION, *et al.*,       )
                             )
        Defendants.          )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

On August 11, 2011, the pro se plaintiffs, Barry Boswell and Carrie Boswell, filed a
Complaint to Suit to Quiet Title in the Montgomery County Circuit Court in which they
assert claims against defendants Bank of America, N.A. ("Bank of America"), US Bank
National Association for Certificate Holders LXS 2007-15N ("US Bank"), and Real Time
Resolutions, Inc., ("Real Time Resolutions").[1]  (Attach. to Doc. No. 1, Defs' Ex. D.) On
September 2, 2011, the Boswells filed a pleading styled as an Amended Complaint, in which
they submitted additional documents including an amendment to Plaintiffs' Exhibit B, which
the Court construes as an Amendment to the Complaint.  (*Id*.)  On September 16, 2011, Real
Time Resolutions filed a Motion to Dismiss pursuant to ALA.R.CIV.P. 12(b)(6), seeking
dismissal because the plaintiffs' complaint fails to state a claim upon which relief may be

---

[1] The plaintiff also names BayRock Mortgage Corporation as a defendant.  However, this defendant
was not properly served.   Consequently, this entity is not considered a party to this cause of action.

granted.  (Doc. No. 1, Attach No. 15.)

On September 29, 2011, the case was removed from the Montgomery County Circuit Court to this court.  (Doc. No. 1.)  Defendants Bank of America, US Bank, and Real Time Resolutions subsequently filed motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), on the grounds that the Complaint fails to state a claim upon which relief may be granted. (Doc. Nos. 9, 19, & 25.)

The complaint filed by the Boswells is not a model of clarity.  Consequently, on November 30, 2011, this court held a status conference and oral argument, in which the court gave the plaintiffs an opportunity to identify their specific claims against the defendants. During the proceeding, the Boswells identified their federal claims as follows:

(1)    The defendants violated the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq*., by using Mortgage Electronic Registration Systems to assign the mortgage loan and by failing to notify them that the loan was reassigned to another financial institution.

(2)    The defendants engaged in fraud by submitting altered or forged documentation to the Middle District of Alabama Bankruptcy Court.

In their Complaint to Suit to Quiet Title, the Boswells assert that the defendants violated state and federal law by failing to provide notice of the transfer of the mortgage and home equity loans, that they committed fraud in violation of the Federal Reserve Act, 12 U.S.C. § 226, and that they lack standing to enforce the terms of the loan agreement and

foreclose on their property because they are not the real parties in interest.  (Doc. No. 1.)  The Boswells request declaratory relief, including a declaration that the deed of trust is null and void, that the promissory note be discharged in full, and that the plaintiffs are the rightful holders of title and the defendants have no right, title, or interest in the property.  The Boswells also seek an injunction to forever enjoin the defendants from claiming any right to the property and any other appropriate relief.  In other words, the plaintiffs expressly seek to use this lawsuit to block the defendants from exercising their contractual remedies arising from the plaintiffs' admitted default on the mortgage loan.

The court has federal question jurisdiction of this case pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  After review of the complaint and amendment thereto, the defendants' motions, and the plaintiffs' responses, the court concludes that the Motions to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) are due to be granted.

## II.  THE STANDARD OF REVIEW

Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's

inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 129 S.Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 129 S.Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

More recently, in *Iqbal*, the Supreme Court reiterated that although FED.R.CIV.P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The mere possibility the defendant acted

4

unlawfully is insufficient to survive a motion to dismiss. *Id.*  The well-pled allegations must

nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III.  DISCUSSION

### A.  The Effect of Rule 41

The defendants seek dismissal on the grounds that the plaintiffs previously brought

two lawsuits against them based on similar allegations and voluntarily dismissed both

lawsuits.  Rule 41 of the Federal Rules of Civil Procedure allows a plaintiff to file "notice

of dismissal before the opposing party serves either an answer or a motion for summary

judgment." FED.R.CIV.P. 41(a)(1)(A).  Under certain circumstances, however, the effect of

the notice may result in an adjudication on the merits.  Specifically, FED.R.CIV.P. 41(a)(1)(B)

provides:

> Unless the notice or stipulation states otherwise, the dismissal is without
> prejudice.  But if the plaintiff previously dismissed any federal- or state-court
> action based on or including the same claim, a notice of dismissal operates as
> an adjudication on the merits.

Plaintiffs previously brought similar lawsuits in both state and federal court.

In the Montgomery County Circuit Court, the plaintiffs asserted similar claims against 1st

Continental Mortgage, Bay Rock Mortgage, Inc., Mortgage Electronic Registration Systems,

Nations Title Agency, Bank of America, New York Mellon, and Real Time Resolutions. *See*

*Boswell v. Real Time Resolutions, Inc*., CV-2010-1603.   The plaintiffs subsequently filed

a motion to dismiss the case without prejudice.  On January 20, 2011, the Montgomery

County Circuit Court granted the motion and dismissed the case without prejudice.  (Doc. No. 9, Def's Ex. D.)

In *Boswell v. 1st Continental Mortgage*, 2:11cv205-MEF (M.D. Ala. 2011), the Boswells asserted that defendants 1st Continental Mortgage, Bay Rock Mortgage, Inc., Mortgage Electronic Registration Systems, Countrywide Home Loans, Bank of America Home Loans Customer Services SVB-314, New York Mellon, US Bank National Association for Certificate Holders Lehman XS, and Nations Title Agency violated the Truth in Lending Act, RESPA, the Fair Credit Reporting Act, and engaged in intentional and negligent misrepresentation, fraudulent concealment, fraudulent conveyance, and forgery.  (Doc. No. 2, Def's Ex. B.)  On May 2, 2011, the Court ordered that all of Barry Boswell's claims be dismissed without prejudice to the right of any party to petition to reinstate any remaining claims within 60 days after the bankruptcy court takes action that entitles a party to seek reinstatement.  (Doc. No. 2, Def's Ex. C.)  On May 17, 2011, Carrie Boswell filed a notice of voluntary dismissal without prejudice.  *Boswell v. 1st Continental Mortgage*, 2:11cv205-MEF (M.D. Ala. 2011).  On May 18, 2011, the Court dismissed the case without prejudice. *Id.*

When Mrs. Carrie Boswell voluntarily dismissed her state-court action based on or including the same claims against Real Time Resolutions, Bank of America, and US Bank National Association for Certificate Holders, her notice of dismissal against the same defendants in a previous federal-court action in this court operates as an adjudication on the

merits. *See* FED.R.CIV.P. 41(a)(1)(B).  The court concludes therefore that Mrs. Boswell fails to state a claim against the defendants upon which relief can be granted.  Consequently, with respect to all of Mrs. Boswell's claims against the defendants in this case, the defendants' Motions to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) are due to be granted.

Mr. Barry Boswell did not file a voluntary notice of dismissal in the previous federal-court action.  A review of the record indicates that the Court dismissed Mr. Boswell's claims against the defendants without prejudice based on a Suggestion of Bankruptcy filed by defense counsel.  *See Boswell v. 1st Continental Mortgage*, No. 2:11cv205-MEF (M.D. Ala. 2011).  Therefore, the dismissal of the prior federal-court action with respect to Mr. Boswell's claims against the defendants does not act as an adjudication on the merits pursuant to Fed.R.Civ.P. 41(a)(1)(B).

### B.  Truth in Lending Act

Mr. Boswell contends that the defendants violated TILA by failing to provide notice of the sale or reassignment of his mortgage and home equity loans.  Specifically, Mr. Boswell contends that the defendants' usage of Mortgage Electronic Registration Systems ("MERS") to assign his loan to other financial institutions without notice to him in violation of TILA.[2]

---

[2] Title 15 U.S.C. § 1641(g) provides:

(1)      In general

In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party,

The defendants assert that the TILA claim is barred by the statute of limitations.  A TILA claim for statutory damages may be brought "within one year from the date of the occurrence of the violation."   15 U.S.C. § 1640(e).   "The violation 'occurs' when the transaction is consummated.  Nondisclosure is not a continuing violation for purposes of the statute of limitations."  *Velardo v. Fremont Inv. & Loan*, 298 Fed. Appx. 890, 892 (11th Cir. 2008) (citing *In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984)).  *See also Malally v. BAC Home Loan Servicing*, 3:10cv74-JTC-JFK, 2010 WL 5140626, *6 (N.D. Ga. 2010).

To the extent Mr. Boswell seeks damages based on the alleged non-disclosures, he had one year from the date the loan transaction was consummated to file any claims for damages under TILA.  The Boswells entered into a mortgage agreement and closed on their loan with Bayrock Mortgage Corporation on December 29, 2006.  (Doc. No. 1-4, Attach. to Pl's

---

the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including –

(A) the identity, address, telephone number of the new creditor;

(B) the date of the transfer;

(C) how to reach an agent or party having authority to act on behalf of the new creditor;

(D) the location of the place where transfer of ownership of the debt is recorded; and

(E) any other relevant information regarding the new creditor.

(2) Definition

As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

Complaint, pp. 12-29.)  The Boswells also entered into a home equity line of credit with Bayrock Mortgage Corporation on December 29, 2008.  (Doc. No. 1-4, Attach. to Pl's Complaint, pp. 30-35.)   The Boswells filed their complaint in the Montgomery County Circuit Court on  August 11, 2011.  Mr. Boswell's claims for damages under TILA are therefore barred by the statute of limitations.[3]

To the extent Mr. Boswell argues that his TILA non-disclosure claims should be equitably tolled due to fraud, his argument is unavailing.  TILA's one year period of limitations is subject to equitable tolling "in cases where the debtor has been prevented from bringing suit due to inequitable circumstances." *Velardo*, 298 Fed. Appx. at 892.  During oral argument, Mr. Boswell stated that he did not learn that the defendants had failed to disclose certain information until he received notice of foreclosure proceedings and conducted a forensic audit of the property.  In his response, Mr. Boswell also alleges that he did not discover that the defendants were the assignees of the mortgage until after he filed a petition for bankruptcy.[4]  (Doc. No. 15, p. 4.)  "Equitable tolling requires 'affirmative concealment on the part of the lender - something more than mere nondisclosure.'" *Malally*, 2010 WL 5140626, * 7 (N.D. Ga. Oct. 8, 2010) (determining that plaintiff's assertion that

---

[3] The right to rescind a loan under TILA expires three years after the date the transaction is consummated or the property is sold, whichever occurs first. 15 U.S.C. § 1635(f).  A plaintiff, however, does not have a right to rescind a loan to purchase a primary dwelling.  TILA and Regulation Z, 12 C.F.R. § 221, expressly exempt residential mortgage loans from a right to rescission.

[4] Court records indicate that Mr. Boswell filed a Voluntary Petition for Relief under Chapter 13 in the United States Court for the Middle District of Alabama

she did not discover the alleged fraud until she received a forensic audit of her loan several years later did not justify equitable tolling of the limitations period) (quoting *Chevy Chase Bank, F.S.B. v. Carrington*, 2010 WL 745771, *2 (M.D. Fla., March 1, 2010).  Mr. Boswell's allegations do not justify equitable tolling of the limitations period in this case.    Thus, the TILA claims are barred by the statute of limitations.[5]  Because "the facts as pled do not state a claim for relief that is plausible on its face," *Iqbal*, 129 S.Ct. at 1950, the defendants' Motions to Dismiss the TILA claims are due to be granted pursuant to FED.R.CIV.P. 12(b)(6).


### C.  Fraud

Mr. Boswell asserts that the defendants violated the Federal Reserve Act, 12 U.S.C. § 226, by "bringing fraud before the court."  (Doc. No. 1, Pl's Complaint, p. 5.)  During oral argument, Mr. Boswell alleged that the defendants submitted fraudulent documents in bankruptcy court.  To the extent Mr. Boswell challenges the validity of evidentiary materials submitted by the defendants in the United States Bankruptcy Court for the Middle District of Alabama, this court will not grant the requested relief.  This court is not the appropriate forum to challenge evidentiary materials related to core proceedings in the United States

---

[5] The defendants argue that the plaintiffs' Real Estate Protection Act ("RESPA") claims are barred by the applicable statute of limitations.  The plaintiffs have not alleged at any point in their pleadings or during oral argument that they are asserting a RESPA claim against the defendants.  Nonetheless, even assuming a RESPA claim is before the court, Mr. Boswell has failed to state a claim upon which relief may be granted.  An action brought under § 2607 of RESPA must be brought within one year of the date of the occurrence of the violation. 12 U.S.C. § 2614.  As set out above, Mr. Boswell has failed to meet his burden of establishing the facts necessary for equitable tolling.  This court therefore concludes that, to the extent Mr. Boswell's complaint may be construed as asserts a RESPA claim against the defendants, his claim is barred by the statute of limitations and is due to be dismissed with prejudice.

Bankruptcy Court.  Furthermore, nothing in the pleadings indicates that Mr. Boswell was denied the opportunity to challenge the validity of the documents during the bankruptcy proceedings.

More importantly, to the extent Mr. Boswell attempts to bring criminal charges against the defendants based on certain provisions of the Federal Reserve Act, he fails to state a claim upon which relief may be granted.  A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."  *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973).  Therefore, to the extent Mr. Boswell asserts the defendants submitted fraudulent documents to the bankruptcy court, the defendants' motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6) is due to be granted.[6]

In his Affidavit of Truth, Mr. Boswell also asserts that the "original lender willfully

---

[6] To the extent Mr. Boswell's complaint may be construed as including an allegation that the defendants violated the Alabama Fraudulent Transfer Act, he has failed to state a claim for relief that is plausible on its face. *See Iqbal*.

> "The Alabama Uniform Fraudulent Transfer Act, codified at ALA.CODE 1975, §§ 8-9A-1 to -12, provides that 'certain transfers are void or voidable if they are made to the detriment of a creditor.' *Russell v. Russell*, 758 So. 2d 533, 538 (Ala. 1999).  The plain language of the statutes applies only to conveyances 'made by a debtor.'  *See* §§ 8-9A-4 and -5.  'Debtor' is defined as '[a] person who is liable on a claim.' § 8-9A-1(6)."

*S.J. Holding Co., Inc. v. Kadco, Inc.*, 874 So. 2d 1036, 1041 (Ala. 2003) (citations omitted).  "The purpose of the Alabama Fraudulent Transfer Act is to prevent fraudulent transfers of property by a debtor who intends to defraud creditors by placing assets beyond their reach.  The plain language of the statute makes it applicable only to transfers 'made by a debtor.'" *Id.*  "Even a liberal construction of the statute requires some demonstration that *the debtor* has put his property beyond the reach of a creditor." *Id*. at 1042.  In this case, Mr. Boswell is the debtor to the mortgage.  This court therefore concludes that, to the extent Mr. Boswell's allegations of fraud may be construed as a claim that the defendants violated the Alabama Uniform Fraudulent Transfer Act, the claim is due to be dismissed pursuant to FED.R.CIV.P. 12(b)(6).

11

committed fraud of inducement in executing the contract through their lack of full disclosure."  (Doc. No. 1-4, p. 64 of 99.) To the extent Mr. Boswell's assertion may be construed as a state law claim of fraudulent concealment against the defendants, this court concludes that he has failed to state a claim upon which relief may be granted.  Under Alabama law, a claim for fraudulent suppression has four elements: "'(1) a duty to disclose the facts, (2) concealment or nondisclosure of material facts by the defendant, (3) inducement of the plaintiff to act, and (4) action by the plaintiff to his injury."'  *RBC Bank v. CMI Electronics*, No. 2:09cv169-WKW, 2010 WL 2719096, *6 (M.D. Ala. 2010) (quoting *Bama Budweiser v. Anheuser-Busch, Inc.*, 611 So. 2d 238, 245 (Ala. 1992)). Bayrock Mortgage, the original lender, is no longer in business and has not been served.  Thus, Mr. Boswell's contention that the original lender engaged in fraud fails to state a facially plausible claim for relief.  Consequently, the defendants' Motions to Dismiss the fraudulent concealment claim pursuant to FED.R.CIV.P. 12(b)(6) is due to be granted.

### D.  Quiet Title

The defendants assert that Mr. Boswell has failed to state a claim to quiet title. Specifically, the defendants argue that Mr. Boswell has failed to allege facts supporting his ownership in the property and that the evidentiary materials attached to his complaint demonstrate that either Bayrock Mortgage as the lender or MERS as nominee or their successors and assigns have authority to conduct a foreclosure of the mortgage under a power

12

of sale.

Section 6-6-540, Ala.Code 1975, provides the statutory basis for an action seeking to

quiet title:

> When any person is in peaceable possession of lands, whether actual or
> constructive, claiming to own the same, in his own right or as personal
> representative or guardian, and his title thereto, or any part thereof,
> is denied or disputed or any other person claims or is reputed to own the same,
> any part thereof, or any interest therein or to hold any lien or encumbrance
> thereon and no action is pending to enforce or test the validity of such title,
> claim, or encumbrance, such person or his personal representative or
> guardian, so in possession, may commence an action to settle the title to
> such lands and to clear up all doubts or disputes concerning the same.

Thus,

> "[t]he right to quiet title conferred by . . . statute is in any person: (1) When
> he is in peaceable possession of land, whether actual or constructive,
> claiming to own the same in his own right, or in a representative capacity;
> (2) when his claim is denied or disputed or when any other person claims or
> is reputed to own the same or any part thereof; and (3) no suit is pending to
> enforce or test the validity of such title or claim."

*Brewster v. Soterra*, LLC, 53 So. 3d 145 (Ala. Civ. App. 2010) (quoting *Gill v. More*, 76

So. 453, 459 (1917)).

Section 6-6-541 also sets forth the following requirements:

> The complaint authorized by Section 6-6-540 must describe the lands with
> certainty, must allege the possession and ownership of the plaintiff and that
> the defendant claims, or is reputed to claim, some right, title, or interest in,
> or encumbrance upon, such lands and must call upon him to set forth and
> specify his title, claim, interest, or encumbrance and how and by what
> instrument the same is derived and created.

In his complaint, Mr. Boswell seeks to quiet title to property at 3361 Royal Creek

13

Road, Montgomery, Alabama, 36116 pursuant to § 6-6-540 *et seq*. of the Alabama Code. The primary relief he seeks is a declaratory judgment in the form of an order from this court compelling "the parties who lay lawful claim on the Deed of Trust to do so by presentment of valid enforceable proof of claim," as well as a declaration that the deed of trust is null and void, that the debt is fully discharged, that he is the rightful holder to the property, and the defendants have no estate, right, title, or interest in the property. (Doc. No. 1, Pls' Comp., pp. 4-5; Doc. No. 1-4, pp. 6-7 of 99.) Mr. Boswell alleges: (1) he is the owner[7] of the property; (2) both Bank of America and US National Bank "wish[] to lay claim on the property as a real party of interest"; (3) neither bank is a real party in interest; (4) there is no valid assignment of the promissory note or deed of trust from Bayrock Mortgage to Bank of America or US National Bank and therefore the parties are not entitled to foreclose on his property. (Doc. No. 1, Pls' Comp., pp. 1-5.)

First, the court notes that Mr. Boswell fails to allege a plausible claim to quiet title against Real Time Resolutions. The pleadings indicate that Real Time Resolutions is the servicer of the home equity loan and does not hold any interest in the foreclosure of the property at issue. Consequently, to the extent Mr. Boswell asserts a quiet title action against Real Time Resolutions, Plaintiff fails to state a claim upon which relief may be granted.

---

[7] During oral argument, Mr. Boswell explained that he resides at 3361 Royal Creek Road. Thus, for purposes of this Recommendation, his allegations establish he is in peaceful possession of the property at this time.

Although it is arguable that Mr. Boswell has alleged a quiet title action against Bank of America and US National Bank on the face of the complaint itself, the evidentiary materials attached to the complaint establish that he has failed to state a claim upon which relief may be granted.  In ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court may consider documents attached to the complaint.  *See Joel v. HSBC Bank USA, N.A.*, 420 Fed. Appx. 928 (11th Cir. 2011) (citing *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)).  The mortgage specifies that either Bayrock as lender or MERS as nominee or their successors and assigns have authority to conduct a foreclosure of the mortgage.  (Doc. No. 1-4, Pl's Ex. A, Mortgage, p. 1 ¶ C.) The mortgage provides that "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, releasing and canceling this Security Instrument."  (Pls' Ex. A, Mortgage, p. 3 ¶ Q.)  In addition, the mortgage provides that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to [Plaintiffs]."  (Pls' Ex. A, Mortgage, p. 15  ¶ 20.)

The foreclosure notice states that the Boswells "as Mortgagor(s) to Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Bayrock Mortgage Corporation, as Mortgagee, dated the 29th day of December 2006 and recorded in . . . the

15

records in the Office of the Judge of Probate Court of Montgomery County, Alabama"
and that the mortgage was "lastly assigned to U.S. Bank National Association, as trustee
for certificate holders LXS2007-15N. . . ."  (Doc. No. 1-4, Pls' Ex. B.)  Because Mr.
Boswell agreed to terms in the mortgage establishing that MERS, as nominee for Lender
and Lender's successors and assigns, has the right to exercise any or all specified
interests, including, but not limited to, releasing and canceling the security instrument, it
thus is clear that he has failed to set forth a "facially plausible" quiet title action against
Bank of America and US National Bank.

More importantly, Mr. Boswell admitted during oral argument that he has not
submitted any payments to anyone on his mortgage since March 2010.  In addition, there
are no allegations Mr. Boswell intends to redeem the outstanding indebtedness on the
mortgage balance to Bank of America, who the plaintiff admits is the current servicer of
the loan, or by interpleader.  (Pls' Comp., p. 2.) Foreclosure of the property is inevitable.
Foreclosure of a mortgage divests the mortgagor of title or interest in the property covered
by the mortgage as would permit an action to quiet title.  *Hart v. Allgood*, 72 So. 2d 91
(1954) (overruled in part on other grounds by *Fitts v. Alexander*, 170 So. 2d 808 (1965)).
Furthermore, the general rule is that a mortgagor who does not allege any facts
demonstrating an intention to redeem the loan amount does not have a claim to quiet title.
*See* 74 C.J.S. Quieting Title § 32 (2011).  As Mr. Boswell did not initiate this quiet title
action until after the defendants threatened to initiate foreclosure proceedings in

16

December 2010 and has neither met his payment obligations nor redeemed the loan amount to the servicer in compliance with the terms of the mortgage agreement, this court concludes Mr. Boswell fails to set forth a plausible claim for relief.

Based on the foregoing, the court concludes that the defendants' motion to dismiss the quiet title action pursuant to FED.R.CIV.P. 12(b)(6) is due to be granted.[8]

## IV.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge as follows:

(1)    The defendants' Motions to Dismiss pursuant to FED.R.CIV.P. 12(b)(6) be GRANTED.  (Doc. Nos. 9, 19 & 25.)

(2)    To the extent Real Time Resolutions moves to dismiss this case pursuant to ALA.R.CIV.P. 12(b)(6), the Motion to Dismiss be DENIED as moot due to the removal of this case from state to federal court.  (Doc. No. 1, Attach. No. 15.)

---

[8] Under the circumstances of this case, the court will not allow Plaintiffs an opportunity to replead their claims.  The plaintiffs have had several opportunities to present their claims in both state and federal court.  In the Montgomery County Circuit Court, the plaintiffs filed a complaint with related claims against the same or similar defendants in *Boswell v. Real Time Resolutions, Inc.*, CV-2010-1603, which was subsequently dismissed without prejudice.  The plaintiffs also filed a complaint with related claims and the same or similar defendants in *Boswell v. 1st Continental Mortgage*, 2:11cv205-MEF (M.D. Ala. 2011).  On May 2, 2011, the Court dismissed Mr. Boswell's claims without prejudice to the right of any party to petition to reinstate such claims to pursue any claim not adjudicated in or discharged by proceedings in the bankruptcy court. (*Id.*)  The Court also ordered that any petition for reinstatement must be filed by a party within 60 days after the bankruptcy court has taken such action entitling a party to seek reinstatement.  (*Id.*)  Mr. Boswell, however, did not petition to reinstate the case.  On August 11, 2011, the Boswells filed the instant lawsuit against the same or similar defendants.  (Doc. No. 1, Attach. No. 4, Defs' Ex. D.)  Given the procedural history of this case, the court will not allow the plaintiffs a fourth bite at the apple.

It is further

ORDERED  that the parties are DIRECTED to file any objections to the Recommendation **on or before February 3, 2012.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 19th day of January, 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE